**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **KANHUA WU** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:21-CV-276** |
| § | **(4:17-CR-1(5))** |
| **UNITED STATES OF AMERICA** § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *pro se* Movant Kanhua Wu's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, in which he asserts constitutional violations concerning his Eastern District of Texas, Sherman Division conviction and sentence. After reviewing the case, the Court concludes that Movant's § 2255 motion should be denied.

**I. PROCEDURAL BACKGROUND**

On December 23, 2016, Movant and six co-defendants were charged by Criminal Complaint with Conspiracy to Possess with the Intent to Distribute Cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a) & (b). Crim. ECF (Dkt. #1).[1] At Movant's Initial Appearance on December 30, 2016, Movant appeared with appointed counsel and was provided a certified court interpreter, June Hu. Crim. ECF (Dkt. #10 at 3). The record reflects that Movant speaks Leizhou , a Mandarin Chinese dialect. *Id.* Movant was sworn, received a copy of the charges, discussed the charges with his appointed counsel, waived a reading of those charges, and received a copy of the complaint. *Id.* Movant signed a waiver of preliminary hearing and a waiver of detention hearing, and was remanded to the custody of the

---

[1] In referencing this habeas action, the Court will reference the docket as (Dkt. # ___). When referencing the criminal action, the Court will reference the docket as Crim. ECF (Dkt. # ___).

United States Marshal. *Id.*; *see also* Crim. ECF (Dkt. #27).

On January 5, 2017, the Government filed an Indictment, charging Movant with two counts of Conspiracy to Possess with the Intent to Distribute Cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(a) & (b). Crim. ECF (Dkt. #41).[2] The record reflects that an interpreter was required, as Movant spoke the Leizhou dialect. Crim. ECF (Dkt. #47). Movant and his five co-defendants were arraigned on January 6, 2017. Crim. ECF (Dkt. #50). The record reflects again that Movant speaks Leizhou and that June Hu was the certified court appointed interpreter. *Id.* Movant entered a not guilty plea and was again remanded to the custody of the United States Marshal. *Id.*

On September 13, 2017, a First Superseding Indictment was entered. Crim. ECF (Dkt. #67). Movant and all six co-defendants were charged with Conspiracy to Possess with the Intent to Distribute Cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) (Count One) and with Possession with the Intent to Distribute Cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 (Count Two). *Id.* An Agreed Motion for Special Setting Trial Date was entered October 4, 2017. Crim. ECF (Dkt. #79). The Court noted on the docket on October 5, 2017, that Movant required a Leizhou interpreter. Movant waived personal appearance at arraignment and entered a plea of not guilty to the First Superseding Indictment on October 10, 2017. Crim. ECF (Dkt. #83).

---

[2] All of Movant's co-defendants were charged in Count One while only four co-defendants were charged in Count Two.

On January 10, 2018, a Second Superseding Indictment was entered. Crim. ECF (Dkt. #86). Movant and his six co-defendants were charged with two counts of Conspiracy to Possess with the Intent to Distribute Cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b) (Counts One & Three) and two counts of Possession with the Intent to Distribute Cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2 (Counts Two & Four). *Id.* On January 11, 2018, an interpreter, Vivian Josh, was provided and read the Second Superseding Indictment to Movant. Crim. ECF (Dkt. #95). Movant was sworn and entered a plea of not guilty. *Id.*

The case was continued, with the trial being set for July 30, 2018. Crim. ECF (Dkt. #105). A Pretrial Order was entered April 4, 2018, noting a deadline of July 9, 2018, for signed plea agreements. Crim. ECF (Dkt. #106). On April 5, 2018, counsel for Movant moved to withdraw as his attorney. Crim. ECF (Dkt. #107). The motion was granted on April 9, 2018, and new counsel was appointed for Movant. Crim. ECF (Dkt. #108).

A Final Pre-Trial Conference was held on July 30, 2018. Crim. ECF (Dkt. #213). The record reflects that June Hu and Vivan Josh were the interpreters provided for Movant and his co-defendant during the final pre-trial conference and four-day trial.[3] Crim. ECF (Dkt. #s 306-309). On August 2, 2018, the jury found Movant guilty on Counts Two and Four and not guilty on Counts One and Three. Crim. ECF (Dkt. #233). On November 8, 2018, Movant was sentenced to 235 months'

---

[3] Ms. Hu and Ms. Josh were sworn in the first day of trial. Crim. ECF (Dkt. #306 at 2-3).

imprisonment and five years supervised release. Crim. ECF (Dkt. #278 & 310).[4] Counts One and Three were dismissed by the Government. *Id.* Judgment was entered November 13, 2018. Crim. ECF (Dkt. #289). Movant filed a Notice of Appeal. Crim. ECF (Dkt. #297). On February 24, 2020, the Fifth Circuit Court of Appeals affirmed the judgment. Crim. ECF (Dkt. #350); *United States v. Wu*, 795 F. App'x 268 (5th Cir. 2020). Movant did not petition for a writ of certiorari, so his conviction became final on May 26, 2020, when the time for filing such petition expired.

On April 5, 2021, Movant filed this motion to vacate, set aside, or correct sentence. (Dkt. #1). Movant alleges the following:

1. I am a farmer and fisherman all of my life. I only [sic] half literate, speaking Leizhou dialect all of my life when I was in China. I speak very little Mandarin and even have difficulties communicating with a Mandarin interpreter.

2. I did not understand what options I had in my case. I was never explained the risk of my jury trial. I was just waiting and waiting, not knowing what to do until it was too late. I had no knowledge of the American legal process.

3. At my arraignment, I was not given a Chinese translation of the Second Superseding Indictment. I don't recall if anyone read me the Second Superseding Indictment in Chinese.

4. I did not even understand the hearing from July 30 to August 2 were actually the jury trial until it started.

5. At my trial, I had a very difficult time communicating with the Mandarin interpreter because I spoke Leizhou dialect all my life, but she cannot speak any Leizhou dialect. She speaks Mandarin, but my Mandarin is very poor and I often could not understand here [sic]. There was no interpreter who speak Leizhou dialect at trial. I told the Mandarin interpreter "I cannot understand you", and she agreed and said "your Captain's Mandarin is much better than yours. Your Mandarin is very poor indeed".

---

[4] Ms. Josh was the interpreter for sentencing. Crim. ECF (Dkt. #310 at 2).

>    6.      I was transferred to FCI Oakdale II and I had a chance to talk to a Chinese inmate (whose major is English) who had tried his best to help me to understand my legal problem and improve my Madarin [sic].

*Id.*, pgs. 14-15.

The Government was ordered to Show Cause (Dkt. #3) and filed a Response on June 14, 2021 (Dkt. #5). The Government argues Movant's claims can be refined to two: one of ineffective assistance of counsel and a due process violation. The Government argues that Movant's claim that counsel failed to adequately explain the risks of going to trial is conclusory and that Movant's claim that he was denied due process as he did not understand the interpreter is barred from collateral review. *Id.*

Movant filed a Reply on August 23, 2021, appearing to attempt to turn his due process claim into one of ineffective assistance of counsel. (Dkt. #7). Movant states, "[t]he Government argued that Mr. Wu ineffective assistance of counsel claim is bar [sic] from collateral review, because it could have been raised on direct appeal. Mr. Wu alleged that from the beginning and through out the entirety of his criminal proceedings. He does not comprehension [sic] and/or understand his criminal proceedings, he does not understand any testimony against him, and he does not understand/or communicate with his counsel at all." *Id.*, pg. 2. Movant then asserts that the Second Superseding Indictment was not interpreted for him,[5] that he did not understand the seriousness of

---

[5] As outlined in the procedural history, this assertion is contradicted by the record in this case. Movant appears to latch on to what appears to be a typo in the Minute Entry. Crim. ECF (Dkt. #95). The initial summary reflects that Vivian Josh was the interpreter for defendants 1, 2, 3, 4, 5 and 6. Movant was Defendant 5. Movant was represented by Preston Jones at this hearing. In the detailed entry, it states, "Court proceeded to arraignment on Second Superseding Indictment. Ms. Josh read the Second Superseding Indictment to the Mandarain [sic] defendants 1, 3, 4 and 6. Ms. Ailshire read the Second Superseding Indictment to Defendnat [sic] 7. All defendants were sworn in, except for Defendant 2, ChunBeiWu. Defendants FeiSheng Liang (1), Xian Chen (3), KaiWen Liang (4), KanHua Wu (5), YingJie Chen (6) and

the charges against him "in English or his native language in Leizhou," that "[d]ue to disability in language" he was unable to communicate with his counsel about whether he should go to trial, "or to negotiate a plea deal, or communicate a plea offer, and/or develop a plan for trial strategy." *Id.*, pgs. 2-3. Movant states further, "to this date [sic] have no idea what going on in his trial, why his counsel never said anything about the plea deal, and what was been said through out his trial." *Id.*, pg. 3. Movant concludes that "[h]ad counsel understand [sic] Mr. Wu disability in the language and had the counsel [sic] able to ensure Mr. Wu understand (comprehen [sic]) his criminal proceedings, Mr. Wu. would have accepted a plea deal like five of his other co-defendants received 30 months plea offer. or able to discussed [sic] a trial strategy with him." *Id.*[6]

## II. FACTUAL BACKGROUND

On appeal, Movant challenged the sufficiency of the evidence. The relevant factual background is taken from the opinion of the Fifth Circuit Court of Appeals:

> Finally, we conclude that the evidence sufficed to prove, beyond a reasonable doubt, that [Movant] possessed the charged contraband and did so with intent to distribute. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002). The Government presented video and photographic evidence showing [Movant] in actual possession of bales of cocaine as he jettisoned them off a Chinese vessel into the ocean. Moreover, a jury could reasonably conclude that the 848 kilograms of cocaine jettisoned from the vessel—worth more than $67 million—was "too large for any purpose other than distribution." *United States v. Sanchez*, 961 F.2d 1169, 1176 (5th Cir. 1992); *see United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999). The jury's decision to convict [Movant] on both counts was rational. *See United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th cir. 2005).

---

Edward Lopez (7) entered pleas of not guilty to Counts 1-4 of the Second Superseding Indictment." *Id.*, pg. 2.

[6] The Court notes that Movant never specifically contends that counsel was ineffective for failing to convey a specific plea offer.

6

*Wu*, 795 F. App'x at 269; Crim. ECF (Dkt. #350).

## III. STANDARD OF REVIEW

The first paragraph of 28 U.S.C. § 2255 sets out the claims which are cognizable under the statute. These are: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) the sentence is otherwise subject to collateral attack.

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-65 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgression of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1995). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*,

575 F.2d 515, 517-18 (5th Cir. 1978)).

## IV. ANALYSIS

### A. Procedural Bar

With respect to Movant's claim that he was denied due process as he could not understand the certified court interpreter during the entire criminal proceedings, and this affected his ability to consider the consequences of going to trial versus accepting a plea offer like his co-defendants, this claim could have and should have been argued during trial and on direct appeal. When, on habeas review, a movant raises a claim that he could have raised during trial or on direct appeal but does not, he is precluded by a procedural bar from raising that claim in a § 2255 motion absent cause for the default and actual prejudice as a result. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). Movant does not argue either cause or prejudice to overcome the procedural default. Nor does he assert actual innocence. To be clear, Movant puts forth no claims of ineffective assistance of appellate counsel.[7] Movant does not claim that he informed appellate counsel that he did not understand the interpreter during the entire criminal proceedings and appellate counsel failed to argue the point on direct appeal. Movant's complaints in this motion to vacate, set aside, or correct sentence revolve around trial counsel only. To the extent Movant is alleging that trial counsel was somehow deficient in failing to recognize and correct the problem with the interpreter as cause for the procedural default, Movant has failed to make the requisite showing under *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Movant fails to even allege that he somehow put counsel

---

[7] Movant was appointed different counsel on appeal.

on notice that he could not understand the interpreter. Furthermore, as discussed below, the record is devoid of any instance in which Movant expressed some inability to understand the interpreter. Movant must make more than conclusory allegations to satisfy the *Strickland* test. *Umar v. United States*, 161 F. Supp. 3d 366, 385-86 (E.D. Va. March 2, 2015) (mere conclusory allegations of inability to understand interpreters due to difference in dialect insufficient to make a showing of prejudice under *Strickland*); *see also Beyle v. United States*, 269 F. Supp. 3d 716, 728 (E.D. Va. Sept. 1, 2017) (defendant failed to provide specific evidence sufficient to rebut presumption that interpreter executed official duties with propriety, accuracy, and integrity, or that trial counsel was aware of any interpreter problem and refused to act, in that defendant did not warn his counsel of the issue, and defendant was not prejudiced in that defendant was able to successfully communicate with counsel). Thus, Movant's claim of a violation of due process relating to his claim that he could not understand the dialect used by the interpreter is procedurally barred.

Alternatively, this claim lacks merit and is directly refuted by the record. As outlined above, Movant was provided a certified Mandarin interpreter at every stage of the criminal proceedings.[8] The record is absolutely devoid of any comment, concern, or objection by Movant during trial that he did not understand the interpreter. Movant, here, does not allege that he made counsel aware of any alleged problem with the interpreter and that he then failed to take action. In fact, in the Presentence Investigation Report ("PSR"), it is noted in the interview with Movant that he affirmed he can read and write Mandarin Chinese. Crim. ECF (Dkt. #263 at 9). No objections were filed to

---

[8] A court is empowered to utilize a certified court interpreter under 28 U.S.C. § 1827 to ensure that a defendant adequately understands the proceedings. *United States v. Tapia*, 631 F.2d 1207, 1210 (5th Cir. 1980). A district court is vested with much discretion in its selection and use of an interpreter. *Id.* at 1209.

the PSR. Crim. ECF (Dkt. #269). At sentencing, the court confirmed that the interpreter, along with counsel, reviewed the PSR with Movant and that, while Movant still could not believe that the jury found him guilty, he acknowledged that the information in the PSR was factually accurate. Crim. ECF (Dkt. #310, pg. 4).[9] Movant's after-the-fact assertion that he did not understand the dialect spoken by the interpreter provided to him through all stages of the criminal proceedings is not well taken. *Cf. Valladares v. United States*, 871 F.2d 1564, 1566 (11th Cir. 1989) (Retired Justice Lewis F. Powell, Jr., sitting by designation) (holding district court did not abuse its discretion in denying a § 2255 petition alleging interpreter inadequacy because "[t]o allow a defendant to remain silent throughout the trial and then, upon being found guilty, to assert a claim of inadequate translation would be an open invitation to abuse"); *Umar*, 161 F. Supp. 3d at 386 (determining a § 2255 petitioner's failure to raise interpreter issues "at pre-trial hearings, trial, or sentencing" undermined his ineffective assistance claim based on same on collateral attack); *Ulloa v. United States*, Civil Action No. 91-CV-3128(JES), 1991 WL 156318, at *3 (S.D. N.Y. Aug. 2, 1991) (concluding "[a] defendant's failure to object to the quality of a court interpreter's translation at trial is virtually dispositive of any claim that that circumstance has rendered the trial fundamentally unfair"). This claim is denied as procedurally barred or, alternatively, lacking in merit.

---

[9] Movant affirmed to the court that he discussed the PSR with his counsel and that it was translated into his own language. *Id.*, pg. 2. In addition, Movant's trial counsel stated, "Indeed I did, Your Honor. It was day before yesterday when we – the interpreter and I were both mutually available, and we spent – it was read to him word for word, and he acknowledged the background information, family information, and what have you." *Id.*, pg. 5.

B.     **Ineffective Assistance of Counsel**

In order to establish ineffective assistance of counsel, Movant must prove that counsel's performance was deficient and that the deficient performance prejudiced Movant's defense. *Strickland*, 466 U.S. at 689-92. Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance and that the challenged conduct was the result of a reasoned trial strategy. *Id.; United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove that his attorney's performance was objectively unreasonable in light of the facts of his case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving that counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Mere allegations of prejudice are insufficient; the movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

With respect to Movant's claim that counsel failed to apprise him of the consequences of going to trial and allegedly failed to inform him of a plea offer, these claims are conclusory.[10] Movant offers no specifics as to how counsel failed to inform him of the risks of going to trial and offers no specifics as to any plea offer made by the Government that was not conveyed to him. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.").[11]

Alternatively, Movant cannot show prejudice, namely that he would have foregone trial to accept the unspecified plea offer that was allegedly not conveyed to him. In *Missouri v. Frye*, 566 U.S. 134, 138-45 (2012), and *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers that lapse or are rejected. In *Frye*, the Court specifically held that counsel has a "duty to communicate formal offers from the prosecution to accept a plea," and, in general, where such an offer is not communicated to the defendant, counsel "[does] not render the effective assistance the Constitution requires." *Frye*, 566 U.S. at 145. The Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that

---

[10] As previously stated, Movant does not claim that counsel failed to inform him of a specific plea offer. His assertions in his Reply to the Government's response allege more that the alleged problems with the interpreter affected his ability to communicate with counsel about the pros and cons of going to trial versus accepting the plea offer that other co-defendants received. As addressed above, that claim is procedurally barred, as Movant did not argue it on direct appeal. However, out of an abundance of caution, the Court will interpret the claim relating to the plea offer, alternatively, as one of ineffective assistance of counsel for failing to convey a plea offer.

[11] The record reflects that Movant and co-defendant Liang were the only co-defendants that went to trial. With the exception of co-defendant Edward Javier Catano Lopez, the other defendants entered into Rule 11(c)(1)(C) Plea Agreements for a term of thirty months' imprisonment for a violation of 18 U.S.C. § 4, Misprision of a Felony. Co-defendant Lopez pleaded open and was sentenced to 180 months' imprisonment.

may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland*. *Id*. at 145-147.  In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 566 U.S. at 166.  Movant must demonstrate that "the outcome of the plea process would have been different with competent advice." *Id*. at 163.

In this case, even after a guilty verdict and during sentencing, Movant was still protesting his innocence:

> THE COURT: Thank you, Mr. Combs.
> So, Mr. Wu, you have the right to address the Court prior to sentencing.  If there's anything you would like to add or say or a question to the Court, now would be the time.
>
> MR. KANHUA WU (Through Interpreter):
>
> I do.
>
> THE COURT: Go ahead.
>
> MR. KANHUA WU (Through Interpreter):
>
> We did not have any drugs onboard, and they searched it inside out of the boat.  They did not find anything.  How could they find us guilty if they did not find anything on the boat?
>
> THE COURT: Maybe because you tossed them overboard.  But okay.  We had that on video.  But go ahead.  Go ahead.
>
> MR. KANHUA WU (Through Interpreter):
>
> The thing we throw into the ocean were our fishing equipment, not drugs.  Why they are suing us?  Why the police are suing us and then we were found guilty?  I can only

> accept my guilt if they found any drugs on the boat and they show the drugs to us. How can I be found guilty this way? There was nothing on our boat, but they found us guilty. I am innocent.

THE COURT: Anything else, sir?

MR. KANHUA WU (Through Interpreter):

> Yes.

THE COURT: Go ahead.

MR. KANHUA WU (Through Interpreter):

> Why they want to find us guilty? The things we throw are fishing equipment, not drugs. I am innocent. I am not guilty of anything.

THE COURT: Anything else, sir?

MR. KANHUA WU (Through Interpreter):

> No more.
>
> ***

THE COURT: I will tell you this, that I will not ever give a sentence to a defendant – I will not grant a variance, even to someone with no criminal history, if they're not going to accept responsibility for their actions.

> Now, since you went to trial and you got convicted and you're maintaining your innocence, that's perfectly fine, because you don't want to admit anything and you believe you're innocent, and you can challenge that on appeal. But I can't give a variance to somebody that is not accepting responsibility. I just won't do it, and I will deny that request.

Crim. ECF (Dkt. #310 at 10-13). Movant, here, has not shown that there was a reasonable probability that he would have pleaded guilty. *United States v. Moore*, 416 F. App'x 454, 462 (5th Cir.

14

2011) (district court did not err in reasoning that "in light of Moore's trial testimony and his continuing profession of innocence, the [c]ourt declines to find that Moore would have plead[ed] guilty had he known of his sentencing exposure in 2004"); *United States v. Baldovinas*, Civil Action No. 13-CV-00062, 2015 WL 13388111, at *8 (W.D. Tex. June 3, 2015) (noting that "protestations of innocence also provide an independent reason to disbelieve Movant's conclusory assertion . . . that Movant would have pleaded guilty if he had been aware of his true sentencing exposure"); *Jimenez v. Thaler*, No. 3:11-CV-0697-B(BK), 2011 WL 6963176, at *4 (N.D. Tex. Dec. 5, 2011) ("In light of Petitioner's 'steadfast and unmoving claims of innocence,' his self-serving, conclusory assertion that he would have accepted the 25-year plea is implausible."). Movant's claim of ineffective assistance of counsel is denied as conclusory or, alternatively, as lacking in merit as Movant cannot show prejudice.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, this Court, nonetheless, addresses whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a [certificate of appealability] should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor could they find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Movant is not entitled to a certificate of appealability.

## VI. CONCLUSION AND ORDER

In sum, the record reflects that Movant was provided an interpreter at every stage of the criminal proceeding. Movant failed to argue during trial or on direct appeal that his due process rights were somehow violated when he alleged that he could not understand the interpreter and this claim is therefore procedurally defaulted. Movant does not argue cause and prejudice for the default, nor actual innocence. Alternatively, this claim is not supported by the record and lacks merit.

Movant's claim of ineffective assistance of counsel are conclusory, or alternatively, should be denied as Movant has not shown prejudice. It is therefore **ORDERED** that the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. A certificate of appealability is **DENIED**. It is further **ORDERED** that all motions by either party not previously ruled on are **DENIED**.

**SIGNED** this 24th day of September, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE